IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARK ESPARZA,** | : CIVIL ACTION NO. 3:25-CV-18 |
| Petitioner | : (Judge Neary) |
| v. | : |
| **WARDEN USP-ALLENWOOD,** | : |
| Respondent | : |

**MEMORANDUM**

This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner, Mark Esparza, asserts that the United States Bureau of Prisons ("BOP") has improperly denied him presentence credit. Because the BOP properly determined that Esparza is not entitled to the requested credit, his petition will be denied.

I.   **Factual Background & Procedural History**

Esparza is serving a 100-month sentence imposed by the United States District Court for the Northern District of Texas for possessing a firearm as a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(a)(2).[1] (Doc. 7-2 at 2). He is housed in Allenwood United States Penitentiary ("USP-Allenwood").

Prior to his federal sentence being imposed, Esparza faced numerous state charges in Texas. On December 21, 2015, he was arrested in Dallas County on charges of unlawful possession of a firearm in Case Number F-1560349,

---

[1] Information in this section regarding Esparza's state and federal charges and detention is based on the exhibits attached to respondent's response. Esparza has not filed a reply brief or otherwise challenged the veracity or authenticity of these exhibits.

manufacture or delivery of heroin in Case Number F-1560350, and manufacture or delivery of methamphetamine in Case Number F-1560351.[2] (Doc. 7-2 ¶ 4; Doc. 7-3). Esparza posted bond in connection with those charges and was released from state custody on January 5, 2016. (Doc. 7-2 ¶ 5; Doc. 7-4). Esparza was then arrested again in Tarrant County on March 1, 2016, on organized retail theft charges in Case Number 1446872D ("the Tarrant County charges"). (Doc. 7-2 ¶ 6; Doc. 7-5).

Esparza was indicted on his federal charge of unlawful possession of a firearm in the Northern District of Texas on May 25, 2016. (Doc. 7-2 ¶ 7; Doc. 7-6). He was temporarily transferred to federal custody on a writ of habeas corpus ad prosequendum on June 27, 2016. (Doc. 7-2 ¶ 7; Doc. 7-7; Doc. 7-8). On July 21, 2016, Esparza was indicted by state officials in Collin County on charges of engaging in organized criminal activity in Case Number 416-81956-2016 ("the Collin County charges."). (Doc. 7-2 ¶ 8; Doc. 7-9).

On July 14, 2017, the United States District Court for the Northern District of Texas sentenced Esparza to 100 months of imprisonment on his federal firearm charge. (Doc. 7-2 ¶ 9; Doc. 7-10). The court ordered that the sentence was to run concurrently "to any sentences hereafter imposed" pursuant to the Dallas County charges. (Doc. 7-10 at 3).

Esparza was returned to Texas state authorities on July 26, 2017. (Doc. 7-2 ¶ 10; Doc. 7-8). On July 27, 2017, Esparza's Dallas County charges were dismissed.

---

[2] The court will refer to these charges collectively as "the Dallas County charges."

2

(Doc. 7-2 ¶ 11; Doc. 7-11). He was then sentenced to one year of imprisonment on his Tarrant County charges on September 1, 2017. (Doc. 7-2 ¶ 12; Doc. Doc. 7-5). At that time, he remained imprisoned on his Collin County charges. (Doc. 7-2 ¶ 13; Doc. 7-12). He was subsequently sentenced to two years of imprisonment on the Collin County charges on November 3, 2017. (Doc. 7-2 ¶ 14; Doc. 7-13). The Collin County court gave him credit towards his sentence for the period from May 9, 2016, to November 3, 2017. (Id.)

On May 11, 2018, Esparza satisfied the sentence on his Collin County charges and he was transferred to federal custody. (Doc. 7-2 ¶ 15; Doc. 7-14). The BOP calculated his sentence as beginning on May 11, 2018, but gave him presentence credit for sixteen days based on the period from December 21, 2015, to January 5, 2016—the period when he was in state custody on his then-pending Dallas County charges. (Doc. 7-2 ¶¶ 16-17; Doc. 7-15). Because the sentencing court had ordered Esparza's sentence to run concurrently with any sentences imposed pursuant to the Dallas County charges, the BOP contacted the sentencing court to determine whether the federal sentence was supposed to run concurrently with any of Esparza's other state sentences. (Doc. 7-2 ¶ 20; Doc. 7-16). The sentencing court responded that the federal sentence was meant to run consecutively with the Tarrant and Collin County charges. (Doc. 7-2 ¶ 21; Doc. 7-17). The BOP accordingly found that it was not appropriate to retroactively designate the state prisons in which Esparza was housed prior to imposition of his federal sentence as the place to serve his federal sentence. (Doc. 7-2 ¶ 22; Doc. 7-18).

Esparza filed the instant case to challenge the BOP's calculation of his sentence pursuant to 28 U.S.C. § 2241 on January 3, 2025. (Doc. 1). Esparza asserts that the BOP should have given him presentence credit for the time he served in state custody. (Docs. 1-2). The case was initially assigned to United States District Judge Malachy E. Mannion, but was reassigned to the undersigned on January 21, 2025. Respondent responded to the petition on February 3, 2025. (Doc. 7). Esparza did not file a reply brief, making the petition ripe for judicial review.

## II. Discussion

Esparza's request for presentence credit is governed by 18 U.S.C. § 3585. Under Section 3585, a sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). The statute provides that the defendant is to be given credit:

> for any time he has spent in official detention prior to the date the sentence commences—
>
> **(1)** as a result of the offense for which the sentence was imposed; or
>
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Id. § 3585(b).

Under the primary custody doctrine, when a defendant faces prosecution by both a state government and the federal government "the first sovereign to arrest

4

the defendant is entitled to have the defendant serve that sovereign's sentence before one imposed by another sovereign." Taccetta v. BOP, 606 F. App'x 661, 663 (3d Cir. 2015) (citing Bowman v. Wilson, 672 F.2d 1145, 1153 (3d Cir. 1982)). A defendant temporarily transferred from one sovereign to another under a writ of habeas corpus ad prosequendum "remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner." Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000), *supserseded by statute in nonrelevant part as recognized in* United States v. Saintville, 218 F.3d 246, 247 (3d Cir. 2000). The defendant "remains in service of the first sentence imposed during the time period, and the writ merely 'loans' the prisoner to federal authorities." Id. at 275.

The BOP may retroactively designate a state institution as a prisoner's place of imprisonment for the service of his federal sentence pursuant to 18 U.S.C. 3621. In determining whether to make such a designation, the BOP must consider:

**(1)** the resources of the facility contemplated;

**(2)** the nature and circumstances of the offense;

**(3)** the history and characteristics of the prisoner;

**(4)** any statement by the court that imposed the sentence—

**(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

**(B)** recommending a type of penal or correctional facility as appropriate; and

**(5)** any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

5

18 U.S.C. § 3621(b).

In this case, Esparza argues that the BOP should either give him credit for the period he was in state custody pursuant to Section 3585(b) or retroactively designate the state prison in which he was incarcerated as the place of service for his federal sentence pursuant to Section 3621(b) because the sentencing court ordered that his federal sentence would run concurrently with his state sentences. (Docs. 1-2).

Esparza's argument is meritless. The sentencing court's judgment stated that it would "run concurrently to any sentences hereafter imposed in Case Nos. F-1560349, F-1560350, and F1560351," i.e., the Dallas County charges. (Doc. 7-10 at 3). The judgment was silent on whether it would also run concurrently with Esparza's Tarrant and Collin County sentences, (*see id.*), and when asked to clarify this point, the sentencing court stated in a letter to the BOP that the federal sentence should "run consecutively" to the Tarrant and Collin County sentences "because they are not related to the instant federal offense." (Doc. 7-17).

Thus, the only presentence credit the BOP was required to give Esparza was time he served on his Dallas County charges. Because those charges were ultimately dismissed, the BOP gave him credit only for the sixteen days from December 21, 2015, to January 5, 2016, when he was in pretrial custody on the Dallas County charges. (*See* Doc. 7-2 ¶¶ 16-17; Doc.7-15). No additional time credits were necessary under the sentencing court's order.

Similarly, there is no basis to conclude that the sentencing court's order required the BOP to designate the state prison in which Esparza was housed as the location to serve his federal sentence. The sentencing judge explicitly told the BOP that he intended the federal sentence to be served consecutively to the Tarrant and Collin County sentences rather than concurrently. Accordingly, the court will deny the petition because the record reflects that the BOP properly calculated Esparza's sentence.

### III. Conclusion

The petition for writ of habeas corpus is denied. An appropriate order shall issue.

                                                /S/ KELI M. NEARY
                                                Keli M. Neary
                                                United States District Judge
                                                Middle District of Pennsylvania

Dated:   January 16, 2026